Argued April 17, affirmed June 26, rehearing denied October 2, 1928.

F. C. WADDELL *v.* J. G. TAVARES.

(268 Pac. 742.)

For appellant there was a brief and oral argument by *Mr. Meyer C. Rubin.*

For respondent there was a brief over the name of *Mr. C. M. Idleman,* with an oral argument by *Mr. McDannell Brown.*

BEAN, J.—■ The defendant at the appropriate time moved the court for a nonsuit. Defendant challenges the complaint, the testimony and the findings of the court upon the grounds that the facts were insufficient to support the cause and judgment. The

plaintiff alleged in his complaint, in effect, that plaintiff entered the employ of defendant and it was mutually agreed that plaintiff should receive 3 per cent of the face value of all of the preferred stock that he might sell of the Northwestern Electric Company, or cause to be sold. That as the agent of defendant he solicited George Chandler and his wife to purchase such stock and in detail set forth the report thereof to defendant's office and the filling out of the "pink card" and the deposit thereof, as stated above, according to the custom in defendant's office, entitling plaintiff to the agreed commission on the sale of any of said stock that might be sold to said prospective purchaser; that such arrangement "was a part of the contract of employer herein." That thereafter defendant sold and transferred to Chandler and wife, through the Ladd & Tilton bank, 265 shares of said stock.

Plaintiff testified as follows:

"It was understood, and an agreement we had with Mr. Tavares at a luncheon among all of the salesmen. * * and Mr. Tavares agreed the pink card would govern as far as the commission was concerned as paid by the office"; that it was agreed to by Tavares and all the salesmen observed the rule.

The court ruled as follows: "I think you can include a custom as a part of the contract." Plaintiff claims it was a part of the contract. The witness stated Mr. Tavares said the pink cards would absolutely govern as to the payments of commission. The court made findings, in effect, embracing all of the facts mentioned herein.

Defendant contends that in plaintiff's pleadings and proof he is relying upon a custom which is not sufficiently shown to make it a contract. As we view

the matter the so-called custom was agreed to by and between the plaintiff and defendant and became a part of the contract, not because it was a custom, but by virtue of the agreement of the parties as a part of the contract of employment. The arrangement is alleged in the complaint as a part of the contract. Although it is subject to be misunderstood, we think the same is sufficient.

The learned trial judge understood the contract as shown by his ruling. The record of the transaction of plaintiff's solicitation of the purchasers of the stock, and subsequent interviews by plaintiff with the Chandlers, the prospective purchasers, are shown on the "pink cards" in defendant's office and the transfer by defendant to the Chandlers of the stock is also shown as a record of defendant's office, both of which are in evidence. An agent other than plaintiff closed the deal with the Chandlers.

■ The testimony tended to show that plaintiff made a sale of the 265 shares of stock for defendant to the Chandlers within the meaning of the contract between plaintiff and defendant. The original contract of employment is admitted in defendant's answer in the following language:

"That on or about the 18th day of February, 1922, the plaintiff entered into the defendant's employ as a stock salesman under an agreement whereby said plaintiff was to receive three points (three dollars) per share on any shares of the said Northwestern Electric Company's 7% First Preferred Cumulative Stock sold by the said plaintiff on defendant's behalf."

The defendant contradicts the plaintiff in part and contends that the sale of the stock was made by defendant to the Ladd & Tilton Bank and not to the

Chandlers. There being some competent and substantial evidence to support plaintiff's claim, and the court having found in favor of plaintiff, such finding is of the same force and effect as the verdict of a jury and the court is not authorized to change the finding of the court.

We think the finding of the court plainly set out sufficient facts to support the judgment. Some irregularities are claimed by defendant in the rendition of the judgment which we do not deem sufficient to reverse the judgment.

Finding no error in the record the judgment of the trial court is affirmed.

AFFIRMED. REHEARING DENIED.

RAND, C. J., and COSHOW and BELT, JJ., concur.